# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW MEXICO

IN RE:

SUSAN MURPHEY,

        Debtor.                                Case No. 16-11162-j13

## MOTION FOR RELIEF FROM STAY

COMES NOW BOKF, N.A., a national banking association dba Bank of Oklahoma, as successor in interest by merger to Bank of Oklahoma, N.A. ("BOKF'), by its counsel Leverick and Musselman, L.L.C., and hereby moves the Court for relief from the automatic stay in bankruptcy and as grounds for this Motion states as follows:

1. A Petition for Relief was filed on behalf of the Debtor under the provisions of Chapter 13 of the United States Code on May 7, 2016. Upon the filing, the automatic stay provisions of Section 362 of the Bankruptcy Code became effective.

2. Debtor and her spouse, Steve Gilmore, entered into a one year lease agreement on June 1, 2015, to rent the property (the "Property") located at 3101 Florida Street NE, Albuquerque, New Mexico 87110, and more particularly described as follows:

> THE SOUTH FORTY-EIGHT FEET (S. 48') OF LOT NUMBERED TWENTY-TWO (22) AND THE NORTH TWENTY-SEVEN FEET (N. 27') OF LOT NUMBERED TWENTY-THREE (23) IN BLOCK NUMBERED FOUR (4) OF ALTAMONT, AN ADDITION TO THE CITY OF ALBUQUERQUE, NEW MEXICO, AS THE SAME ARE SHOWN AND DESIGNATED ON THE PLAT THEREOF, FILED IN THE OFFICE OF THE COUNTY CLERK OF BERNALILLO COUNTY, NEW MEXICO, ON APRIL 13, 1955, IN PLAT BOOK D1, FOLIO 137.
>
> A.P.N.: 101806041404540707

3. An Order Approving Special Master's Report and Confirming Foreclosure Sale foreclosing a mortgage held by BOKF, N.A., on the Property, and vesting title in the Property in favor of BOKF, N.A., was entered on July 9, 2013.

TC

4.  The borrowers foreclosed did not have title when the Lease was executed to lease the Property to the Debtor and her husband.

5.  Recently, the Honorable Judge Nan Nash, presiding judge in the foreclosure action, denied a motion filed by the borrowers seeking to set aside the foreclosure judgment and order confirming sale. Mr. Simms, counsel for the borrowers Metzgar, filed a notice of appeal appealing the order denying his motion for relief from the judgment and the order confirming sale. He announced in the state court foreclosure proceeding, last week, that he was withdrawing the appeal.

6.  BOKF, N.A., wishes to proceed with the eviction of the current occupant, which is the Debtor, her spouse, and a family member.

7.  In a related bankruptcy case filed by Debtor's spouse, Mr. Steve Gilmore, case number Case No. 16-10160-J13, BOKF filed a motion for relief from the stay so that it could proceed in the state court foreclosure with the eviction process, and the Gilmore case was dismissed shortly thereafter, with prejudice, with the proviso that, "In accordance with 11 U.S.C. § 109(g), the debtor is ineligible to be a debtor for a period of 180 days after the date of entry of this Order." See, Case Number, 16-10160-j13 Docket No. 33.

8.  This Motion for Relief is filed in order to insure that no violation of the automatic stay occurs when moving forward under state law (§35-10-1 et seq.) to evict the occupants of the Property, including Debtor, from the Property. BOKF, N.A., further requests that the requirements of Fed.R.Bankr.P. 4001(a)(3) be waived so that BOKF, N.A., a national banking association dba Bank of Oklahoma, as successor in interest by merger to Bank of Oklahoma, N.A. ("BOKF") may immediately enforce and implement an order granting relief from stay.

9. Counsel for the Debtor indicated that he would make an offer to surrender the Property to BOKF, N.A., at the conclusion of the last hearing in the state foreclosure proceeding, but no such offer has yet been made.

10. Counsel for the Debtor opposes this Motion to the extent that the granting of such may allow for the state foreclosure action to proceed completing the eviction (writ of assistance process) prior to a date that the Debtor and her family otherwise would agree to vacate the Property.

WHEREFORE, BOKF, N.A., a national banking association dba Bank of Oklahoma, as successor in interest by merger to Bank of Oklahoma, N.A. ("BOKF') prays that the Court enter an Order modifying the automatic stay to permit it to proceed with the foreclosure and to take such other appropriate relief as is necessary to protect its interest in the Property.

Respectfully submitted,

LEVERICK AND MUSSELMAN, L.L.C.

Filed Electronically
/s/ Richard M. Leverick
   Attorney for BOKF, N.A., a party in interest
   5120 San Francisco Rd. NE
   Albuquerque, New Mexico 87109
   (505) 858-3303