UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: SUSAN MURPHEY,            No. 13-16-11162 JA

Debtor.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Motion for Relief from Stay (Docket No. 6) (the "Motion") filed by BOKF, N.A. ("BOKF"). For the reasons explained below, the Court finds that BOKF has standing to seek relief from the automatic stay and that cause exists to lift the automatic stay. BOKF obtained a default judgment for foreclosure of real property in state court, purchased the property at a foreclosure sale, received a special master's deed for the property, and obtained an order confirming the special master's sale. Neither the default judgment for foreclosure nor the order confirming special master's sale has been set aside in the state court action. Accordingly, it is appropriate to grant stay relief so that BOKF can return to state court to continue its eviction proceedings against the Debtor and any other non-debtor occupants of the property.

PROCEDURAL HISTORY

Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on May 7, 2016. *See* Docket No. 1. BOKF filed the Motion on May 12, 2016. Debtor filed a response to the Motion on June 1, 2016, representing that she had made an offer to turnover the property that is the subject of BOKF's Motion as of July 1, 2016, but requesting an additional 30 days until August 1, 2016 because of her spouse's health condition. *See* Response to Motion From [*sic*] Relief of Stay – Docket No. 15. The Court scheduled a final hearing on the Motion for July 7, 2016. *See* Docket No. 31. Debtor asked to reschedule the final hearing because her husband was having an emergency surgery. *See* Docket No. 32. Instead of holding a final

hearing on the Motion, the Court held a status conference on July 7, 2016. *See* Docket No. 50. At the status conference, the parties agreed that the Court should rule on the Motion without an evidentiary hearing based on stipulated facts. The Court issued a scheduling order following the status conference directing BOKF and the Debtor to submit briefs on the legal issues relating to the Motion, and, to the extent the parties could agree to stipulated facts, file an agreed stipulation of facts with respect to the Motion. *See* Docket No. 51. The Debtor and BOKF filed briefs on the pending Motion on July 21, 2016. *See* Docket Nos. 47 and 48. The parties did not file stipulated facts specifically identifying the agreed facts upon which the parties requested the Court to base its ruling.

The Stipulated Order Concerning Admitted Facts ("Stipulated Order") "stipulated that the exhibits filed by the parties are agreed to as the stipulated facts for the purposes of the Motion for Relief from Stay." *See* Docket No. 67. Because the Stipulated Order was not entered until September 21, 2016, the parties also submitted a Stipulated Order Nunc Pro Tunc on Stipulated Facts providing that the stipulated facts are deemed filed as of August 5, 2016. *See* Docket No. 66. The parties did not attach any exhibits to the Stipulated Order. It appears from the record that BOKF filed a witness and exhibit list for the anticipated final hearing on the Motion which included copies of the exhibits. *See* Docket No. 24. Debtor filed over 180 pages of exhibits in opposition to the Motion. *See* Docket Nos. 35 and 36. Based on the Stipulated Order, the Court will treat the exhibits found at Docket Nos. 24, 35, and 36 as stipulated facts for purposes of ruling on the Motion.

## FACTS

BOKF filed a judicial foreclosure action in the Second Judicial District Court, Bernalillo County, State of New Mexico, on July 26, 2012 against Roy A. Metzgar, and others, as Case No.

2

D-202-CV-2012-06863 (the "State Court Action"), seeking to foreclose a mortgage against real property located at 3101 Florida Street, NE, Albuquerque, New Mexico 87110 (the "Property"). BOKF obtained a default judgment in the State Court Action on November 29, 2012 foreclosing the mortgage and authorizing a special master to sell the Property. *See* Default Judgment of Foreclosure, Decree of Foreclosure, Order of Sale and Appointment of Special Master ("Default Judgment"). BOKF purchased the Property at the special master's sale held January 16, 2013. The state court approved the sale and authorized the Special Master to deliver a deed to the Property to BOKF. *See* Order Approving Special Master's Report and Confirming Foreclosure Sale ("Order Confirming Sale") entered in the State Court Action on July 9, 2013. A Special Master's Deed conveying the Property to BOKF was recorded in the real property records of Bernalillo County, New Mexico on July 17, 2013, as Document No. 2013079862. Roy Metzgar unsuccessfully sought to set aside the sale of the Property and to declare the Default Judgment void. *See* Order Denying Motion to Vacate Sale and Declare Judgment Void entered in the State Court Action on February 23, 2016.

On May 12, 2015, Roy Metzgar purported to transfer the Property to the Molinar Financial 1976 Trust (the "Molinar Trust") by Warranty Deed recorded in the real property records of Bernalillo County, New Mexico on June 9, 2015 as Document Number 2015049105. On May 31, 2015, the Molinar Trust, as purported lessor, and Debtor and Stephen L. Gilmore, as purported lessees, entered into a residential lease for the Property (the "Lease"). The Lease had a commencement date of June 1, 2015. The term of the Lease ended May 31, 2016, at which time the lease became a month to month lease.

As of May 7, 2016, the date Debtor filed her bankruptcy case, Debtor occupied the Property. Mr. Gilmore unsuccessfully sought to intervene in the State Court Action as "tenant in

3

possession"; he failed to appear at the hearing in the State Court Action to plead his motion to intervene. *See* Order Denying Motion to Intervene entered in the State Court Action on May 10, 2016. BOKF is the record title holder and owner of the Property. *See* Special Master's Deed dated January 31, 2013, recorded in the real property records of Bernalillo County, New Mexico on July 17, 2013 as Document Number 2013079862.

## DISCUSSION

BOKF seeks relief from the automatic stay so it may return to the state court to seek a writ of assistance to obtain possession of the Property in the State Court Action. A party requesting relief from the automatic stay must first establish that it has standing to seek relief from the stay as a "party in interest."[1] 11 U.S.C. § 362(d) (providing for stay relief "[o]n request of a party in interest . . ."); *In re Miller,* 666 F.3d 1255, 1261 n.4 (10th Cir. 2012) (the party requesting relief from the automatic stay "bears the burden of proving its statutory standing as a 'party in interest.'") (citations omitted); *In re Martinez,* 2011 WL 996705, *4 (Bankr. D. Wyo. Mar. 16, 2011) (party requesting relief from the stay must establish that it is a party in interest).

---

[1] In federal court, a party must also demonstrate that it has Constitutional standing, also known as Article III standing, which "embodies the concept of 'case or controversy,' and requires proof of an 'injury in fact that a favorable judgment will redress.'" *In re Thomas,* 469 B.R. 915, 921 (10th Cir. BAP 2012) (quoting *The Wilderness Soc'y v. Kane County,* 632 F.3d 1162, 1168 (10th Cir. 2011)). *See also, Sprint Communications Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269, 273-274, 128 S.Ct. 2531, 2535, 171 L.Ed.2d 424 (2008) ("And in order to have Article III standing, a plaintiff must adequately establish: (1) an injury in fact ( *i.e.*, a 'concrete and particularized' invasion of a 'legally protected interest'); (2) causation ( *i.e.*, a 'fairly ... trace[able]' connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability ( *i.e.*, it is 'likely' and not 'merely speculative' that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit") (citation and some internal quotation marks omitted). This Article III constitutional standing requirement applies in bankruptcy court, even though the bankruptcy court is an Article I court. *See generally Kilen v. United States (In re Kilen)*, 129 B.R. 538, 542-543 (Bankr. N.D. Ill. 1991)(finding that "it is obvious that the constitutional standards of Article III which bind the district court also bind the bankruptcy court[,]" and concluding that "bankruptcy courts are limited to resolving disputes involving actual cases or controversies.").
   BOKF has satisfied the requirements of Constitutional standing. If not granted stay relief, BOKF will suffer an injury in fact fairly traceable to Debtor's continued possession of the Property because BOKF will be deprived of the use and enjoyment of its property. Stay relief will redress the injury by permitting BOKF to seek a writ of assistance to obtain possession of the Property in which the Debtor has a possessory interest.

4

The Bankruptcy Code does not define "party in interest" under 11 U.S.C. § 362(d). *Id.* To establish standing for purposes of 11 U.S.C. § 362(d), a party generally "must be either a creditor or a debtor of the bankruptcy estate." *Miller,* 666 F.3d at 1261 (citations omitted).[2] *Cf. Thomas,* 469 B.R. at 921 (explaining that "prudential standing often depends on whether the statutory provision upon which a claim is based 'properly can be understood as granting persons in the plaintiff's position a right to judicial relief.'") (quoting *Warth v. Seldin,* 422 U.S. 490, 500, 94 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). Debtor suggests BOKF lacks standing to request stay relief as to the Property because "power of attorney comparisons to transfer dates suggest fundamental errors in the foreclosure process which may be relevant and deserve further review."[3] This Court disagrees.

Notwithstanding Debtor's suggestion that the foreclosure process in the State Court Action was flawed, the Default Judgment, the Order Confirming Sale Order and the recorded Special Master's Deed establish that BOKF acquired title to the Property pre-petition. Based on these documents, BOKF has demonstrated that it has statutory standing to seek relief from the automatic stay as a party in interest. Under New Mexico law, a judgment for foreclosure is final with respect to the rights of the parties in the property, and interlocutory with respect to the manner and terms of the foreclosure sale.[4] The sale of the foreclosed property, including the

---

[2] *Cf., Coe v. United States Dist. Court for the Dist. of Colo.,* 676 F.2d 411, 415 (10th Cir. 1982) (observing outside of the bankruptcy context, that "[i]n the federal courts it is held that the 'real party in interest' is the one who, under applicable substantive law, has the legal right to bring the suit.") (citations omitted).

[3] Memorandum of Law in Support of Debtor's Response to Motion for Relief from Stay, ¶ 9. (Docket No 48).

[4] *Speckner v. Riebold,* 86 N.M. 275, 277, 523 P.2d 10, 12 (1974) (explaining that "there are two separate adjudications in a suit to foreclose a mortgage[,]" and that "[t]he initial judgment . . . . declares the rights of the parties in the mortgaged premises. If no appeal is taken from that portion of the judgment, it becomes final unless modified . . . . The second part of the judgment directs that the mortgaged property be sold, and fixes the manner and terms of the sale. It is interlocutory."); *Grygorwicz v. Trujillo,* 145 N.M. 650, 652, 203 P.3d 865, 867 (2009) (that portion of the foreclosure judgment declaring "the parties' rights may be construed as a final judgment unless modified under the provisions of NMSA 1978, Section 39-1-1 (1917).") (citing *Speckner,* 86 N.M. at 277, 523 P.2d at 12).

5

manner and terms of the foreclosure sale, becomes final upon entry of the order confirming the sale.[5] The Order Confirming Sale entered in the State Court Action is a final order that has not been set aside. It confirms that BOKF purchased the Property at the special master's sale. The final foreclosure judgment and final order confirming sale are valid and binding. *See Deutsche Bank Nat'l Trust Co. v. Johnston,* 369 P.3d 1046, 1049 and 1058, 2016-NMSC-013, ¶¶ 11 and 34 (2016) (explaining that, in New Mexico, standing in mortgage foreclosure cases is not jurisdictional, and under New Mexico law, "a final judgment on . . . an action to enforce a promissory note . . . is not voidable under Rule 1-060(B) due to a lack of prudential standing.").

This case is unlike the Tenth Circuit's decision in *Miller*. In *Miller,* the Tenth Circuit determined the creditor could not rely on a state court order authorizing sale to establish its standing as a party in interest to seek relief from the automatic stay because the order was not a final order under Colorado law. *Miller,* 666 F.3d at 1262. Here, the foreclosure judgment and Order Confirming Sale are final under applicable New Mexico state law. Further, Debtor's vague assertion that "power of attorney comparisons to transfer dates suggest fundamental errors in the foreclosure process which may be relevant and deserve further review" is insufficient to challenge the validity of the foreclosure sale for purposes of BOKF's request for relief from stay.

As the owner and record title holder of the Property following the foreclosure sale, BOKF may seek to dispossess the occupants of the Property. *See* N.M.S.A. 1978 § 35-10-1(A)(4) (providing for a civil action for forcible entry or unlawful detainer based on a defendant's continued possession of the property after a foreclosure sale). BOKF, therefore,

---

[5] *Speckner,* 86 N.M. at 277, 523 P.2d at 12 ("That part of the decree of foreclosure that directs the manner and terms of the sale of the mortgaged property does not become a final judgment until the judicial confirmation of the sale, whereupon it becomes final.") (citations omitted).

holds a sufficient interest in the Property to confer statutory standing to seek relief from the automatic stay as to permit it to exercise its right to dispossess Debtor from the Property.[6]

Having determined that BOKF has standing to seek relief from the automatic stay, the Court will determine whether such relief should be granted. Relief from the automatic stay under 11 U.S.C. § 362(d)(1) may be granted upon a showing of "cause." *See* 11 U.S.C. § 362(d)(1) (relief from the stay shall be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest."). Whether "cause" exists "is a discretionary determination made on a case by case basis." *Carbaugh v. Carbaugh (In re Carbaugh),* 278 B.R. 512, 525 (10th Cir. BAP 2002) (citing *Pursifull v. Eakin,* 814 F.2d 1501, 1506 (10th Cir. 1987)).

At the time Debtor filed her bankruptcy petition, she had a possessory interest in the Property. This interest is protected by the automatic stay.[7] However, Debtor's interest in the Property is based on a Lease from the Molinar Trust. At the time Mr. Metzgar purported to transfer the Property to the Molinar Trust, he had no interest in the Property to convey. Upon the state Court's entry of the Order Confirming Sale, Mr. Metzgar lost all interest in the Property, except for his redemption rights. *See* N.M.S.A. 1978 § 39-5-18 (redemption rights in property

---

[6] *Cf. In re Spencer*, 531 B.R. 208, 212 (Bankr. W.D. Wis. 2015) (movant's pre-petition judgment of foreclosure established that it had a "colorable claim" to estate property sufficient to satisfy the standing requirement to seek relief from the automatic stay); *In re Campora*, 2015 WL 5178823, *5 (E.D.N.Y. Sept. 3, 2015) (affirming bankruptcy court's determination that creditor who produced a copy of the original note, demonstrated that it was the holder of the note, and obtained a pre-petition judgment of foreclosure and sale was a "party in interest" with standing to seek relief from the automatic stay).
[7] *See 48th Street Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th Street Steakhouse, Inc.),* 835 F.2d 427, 430 (2nd Cir. 1987) (acknowledging that "a mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger the protection of the automatic stay.") (citations omitted); *In re Gagliardi,* 290 B.R. 808, 815 (Bankr. D. Colo. 2003) (debtor's possessory interest in property "by itself is an interest protected by the automatic stay.") (citation omitted); *In re Milasinovich,* 2014 WL 644455 (Bankr. D.N.M. Feb. 19, 2014) ("Mere possession of property by a debtor has been held to be sufficient for the automatic stay to prevent the property's owner from taking action to gain possession.") (citing *48th Street Steakhouse,* 835 F.2d at 430) (remaining citations omitted).

7

sold by foreclosure). There is no evidence before the Court that Mr. Metzgar exercised his redemption rights in the Property. To the contrary, the stipulated facts now before the Court establish that Mr. Metzgar unsuccessfully sought to set aside the Default Judgment in the State Court Action. BOKF remains the record title holder and owner of the Property.

These facts establish sufficient cause to grant the stay relief BOKF requests under 11 U.S.C. § 362(d)(1). It appears Debtor is continuing to occupy the Property to the exclusion of BOKF, the rightful owner of the Property, under an invalid lease granted by a lessor that had no interest in or right to lease the Property. Debtor seems to admit she must surrender the Property to BOKF, as she merely requested additional time before voluntarily returning possession of the Property to BOKF. She has already had the additional time she requested, and more. Under these circumstances, cause exists to grant stay relief to permit BOKF to obtain possession of the Property. *Cf. In re Roberts,* 367 B.R. 677, 688 (Bankr. D. Colo. 2007) (finding that stay relief was appropriate under either § 362(d)(1) or (2) with respect to debtor whose ownership interest in the property was terminated pre-petition but who remained in possession of the property). In addition, because of the delay in granting relief, the Court also finds that it is appropriate to waive the 14-day stay under Fed.R.Bankr.P. 4001(a)(3) following entry of the order granting BOKF relief from the automatic stay.

The Court will enter a separate order consistent with this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: November 30, 2016

8

Case 16-11162-j13    Doc 76    Filed 11/30/16    Entered 11/30/16 10:29:46 Page 8 of 9

COPY TO:

Joshua Simms
Attorney for Debtor
PO Box 50332
Albuquerque, NM 87181

Richard Leverick
Attorney for BOKF
5120 San Francisco Rd. NE
Albuquerque, NM 87109